**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAKE HOWARD RHOADES,
a/k/a Jake H. Rhodes,

    Defendant - Appellant.

No. 19-1263
(D.C. No. 1:18-CR-00061-WJM-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **CARSON**, Circuit Judges.
_____

Jake Howard Rhoades appeals the sentence imposed following his guilty plea

to possession of a weapon and ammunition by a felon in violation of 18 U.S.C.

§ 922(g)(1). He contends the district court committed procedural error when it failed

to apply Section 5G1.3(b) of the Sentencing Guidelines to reduce his sentence for

time served on a state court conviction that was viewed as relevant conduct. In his

opening appellate brief, Rhoades argued he was entitled to 592 days credit for time

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This Order and Judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

served from the date of his arrest until his federal sentencing. In his reply brief, he concedes the amount of time served on prior sentences is unclear, and that some of those sentences may be inapplicable. However, he claims the presentence investigation report (PSR) stated he had served a minimum of 49 days on his state auto theft sentence and that the district court failed to calculate and adjust his sentence accordingly, as required by Section 5G1.3(b). Exercising jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, we affirm.

## I.  Background

Rhoades stole six cars in the weeks leading up to his arrest, all while on parole from state sentences for committing several prior felonies. Officers arrested Rhoades as he approached the car he had stolen the day before—a Honda Accord.  Rhoades alerted the officers to the fact that he had a loaded gun on his person. When Rhoades was searched following his arrest, the officers recovered a loaded 9mm semi-automatic handgun and .4 grams of methamphetamine. Rhoades later stated he would have used the gun against officers had they attempted to arrest him when he stole the Honda the day before.

Rhoades was charged in state court with five counts of felony auto theft. He was not charged in state court with the theft of the Honda. Rhoades pled guilty to one count of auto theft in state court and was sentenced to three years in prison. This auto theft sentence was ordered to run consecutively to a separate sentence Rhoades was then serving for violating the terms of his state parole.

Rhoades was indicted in federal court for possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1). He pled guilty.

The PSR recommended an offense level of 21 and a sentencing range of 70–87 months. This offense level resulted in part from a proposed four-level increase due to Rhoades's possession of a gun in connection with his uncharged felony theft of the Honda Accord, and his uncharged felony possession of methamphetamines. *See* U.S. Sentencing Guidelines Manual (USSG) § 2K2.1(b)(6)(B) (U.S. Sentencing Comm'n 2018). But the PSR was silent regarding whether Rhoades's federal sentence should be reduced for any time served on his state auto theft sentence and/or whether his federal sentence should be served concurrently or consecutively with any undischarged portion of his state auto theft sentence. It instead simply quoted, in full, sections 5G1.3(b) *and* 5G1.3(d) of the Guidelines.

Section 5G1.3(b) states:

(b) If . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows:

> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

Section 5G1.3(d) states:

3

(d) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

Rhoades objected to the PSR. His objection included a "[r]equest for clarification" regarding the PSR's Section 5G1.3 recommendation and he argued Section 5G1.3(b) should apply to reduce his federal sentence for time served on his state auto theft sentence. R. Vol. I at 30. In support, he argued that his if state auto thefts were treated as relevant conduct, the district court was required to not only run the federal sentence concurrent to any undischarged portion of his state auto theft sentence, but also adjust his federal sentence for time served.

Rhoades also filed a motion seeking a downward variance under 18 U.S.C. § 3553(b). He argued that Section 5G1.3(b)'s language and purpose supported imposing a below-Guidelines sentence on his weapon possession conviction "to avoid impermissible double-counting" since he was already serving a sentence in state court for alleged relevant conduct—*i.e.*, auto theft. R. Vol. I at 34.

The government argued that the court should not apply Section 5G1.3(b) but should instead apply Section 5G1.3(d) "to impose a sentence wherein [Rhoades] does not receive credit for previous time served, but rather serves the *remaining* State sentence [for auto theft] concurrently with the federal sentence imposed in this case." R. Vol. I at 47.

The district court ruled on Rhoades's PSR objection as it pertained to Section 5G1.3:

4

I'm going to sustain this objection in part. And I think my [ruling] corresponds to where the Government ultimately ended up, and I don't think it is inconsistent with the [PSR]. I find that the criminal conduct which is the basis for the sentence imposed in [the state auto theft case] is relevant conduct to the count of conviction in this case.

Pursuant to the applicable guidelines, therefore, I will order that the custodial sentence in this case run concurrent to the undischarged portion of the sentence imposed in [the state auto theft case], but it will run consecutive to all other state court sentences imposed on the defendant.

R. Vol. III at 33.[1]

The district court then addressed Rhoades's argument that it should also apply

Section 5G1.3(b) to justify a below-Guidelines sentence:

I have found that some of the criminal activity for which the defendant was sentenced in state court is also relevant conduct for the crime of conviction in this case, that was the basis for my decision to run the— this case concurrent to the undischarged portion of the defendant's sentence in [the state auto theft case].

But I don't believe that it is appropriate or in the interest of justice to then also use that exact same grounds as a further grounds for variance. The benefit of the fact that I have recognized the overlapping nature, to some degree, in the conviction in the two convictions has informed my decision to order the concurrent service of this sentence to the undischarged portion of that state case, and I will not also use it as a basis for a downward variance.

R. Vol. III at 53–54.

---

[1] Rhoades appeared for his federal sentencing on a writ of *habeas corpus ad prosequendum* from a Colorado prison. Since his arrest on federal charges, Rhoades had been serving his state parole revocation sentence and the record is not clear whether he had yet served *any* of his state sentence for auto theft.

The district court gave other reasons for partially granting Rhoades's motion for a downward variance and imposed a 64-month sentence, six months below the low end of the Guidelines' recommended range of 70–87 months.

## II. Discussion

"We review the district court's interpretation of the Guidelines de novo and any factual findings for clear error, giving due deference to the district court's application of the [G]uidelines to the facts." *United States v. Ford*, 613 F.3d 1263, 1268 (10th Cir. 2010) (internal quotation marks omitted). "[W]hen the district court errs in applying the Guidelines [procedural error] . . . we must remand . . . unless the error is harmless." *United States v. Kristl*, 437 F.3d 1050, 1054–55 (10th Cir. 2006) (per curiam).

Rhoades argues that the district court relied on his car thefts as relevant conduct when sentencing him on the weapons charge and thereby erred by refusing to apply Section 5G1.3(b) of the Guidelines. That section requires the court to adjust the sentence for time served for "another offense that is relevant conduct to the instant offense of conviction." USSG § 5G1.3(b). But the section only applies where "*all of* the prior offense is relevant conduct to the instant offense." USSG § 5G1.3 cmt. n.2(A) (emphasis added). "Cases in which only part of the prior offense is relevant conduct to the instant offense are covered under []section [5G1.3](d)." *Id.*[2] Section

---

[2] The Guidelines comments also clarify that Section 5G1.3(d) applies in a case like this one where "the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense and has had such probation, parole, or supervised release revoked." USSG § 5G1.3 cmt. n.4(C).

5G1.3(d) does not require the court to reduce a sentence for time served on partially relevant conduct and gives the court discretion to run a sentence "concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." USSG § 5G1.3(d).

The district court did not find all of Rhoades's car thefts to be relevant conduct when sentencing Rhoades on his weapon charge. But Rhoades relies on the district court's initial statement that Rhoades's conduct leading to his auto theft conviction was "relevant conduct," without specifying whether it found *all of* that conduct relevant or whether it was applying Section 5G1.3(b) or 5G1.3(d). R. Vol. III at 33. But the district court later clarified that it found only "*some of* the criminal activity for which the defendant was sentenced in state court [was] also relevant conduct for the crime of conviction in this case." R. Vol. III at 53–54 (emphasis added). And the district court indicated its ruling "correspond[ed] to where the Government ultimately ended up." *Id.* at 33. The government had sought "application of . . . Section 5G1.3(d)." R. Vol. I at 47.

To the extent Rhoades argues the district court erred by failing to find all of his auto theft conduct relevant to his firearm conviction, his argument misses the mark. "In this Circuit the law is well established that the defendant shall bear the burden of proof for sentence decreases." *United States v. Lopez-Macias*, 661 F.3d 485, 494 (10th Cir. 2011) (internal quotation marks omitted). "[I]f the record before the sentencing court failed to show that the offenses underlying the undischarged

7

sentence were relevant conduct . . . then the sentencing court would not have erred in failing to apply [Section] 5G1.3(b)." *United States v. Finnesy*, 953 F.3d 675, 694 (10th Cir. 2020). The record contains no evidence that Rhoades used or possessed any weapon at the time of or otherwise in connection with any of the car thefts that led to his state court conviction.  *Cf.* USSG §§ 1B1.3(a)(1)–(3) (defining relevant conduct).

The district court did not err by applying section 5G1.3(d) instead of Section 5G1.3(b).

### III.  Conclusion

We affirm the sentence imposed by the district court.

Entered for the Court


Mary Beck Briscoe
Circuit Judge